UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| KIMBERLY ANN ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:20-cv-00125-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL | ) | **&** |
| SECURITY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Plaintiff Kimberly Ann Rogers seeks judicial review of an administrative decision of the

Commissioner of Social Security, which denied her claim for Title II Period of Disability and

Disability Insurance Benefits.  Ms. Rogers now seeks judicial review pursuant to 42 U.S.C. §

405(g), alleging that the Commissioner erred in denying her claim.  The Court, having reviewed

the record and for the reasons set forth herein, will DENY Ms. Rogers's Motion for Summary

Judgment and GRANT the Commissioner's Motion for Summary Judgment.

**I**

**A**

Ms. Rogers was forty-seven years of age when she alleges she became disabled.

[Transcript (hereinafter, "Tr.") 27.]  She has a ninth-grade education and does not have a driver's

license.  [Tr. 42–43.]  Ms. Rogers has been involved in two car wrecks and has not worked since

2014.  [Tr. 43.]  Previously, Ms. Rogers worked as a nurse's aide and a sewing machine

operator.  [Tr. 44.]

Ms. Rogers filed this application for Title II Disability Insurance Benefits on August 8, 2017, alleging disability beginning on July 26, 2017.[1]  [Tr. 15, 41, 279.]  Her claim was denied on October 3, 2017, and then again on January 31, 2018.  [Tr. 184, 203.]  Ms. Rogers filed a request for a hearing on February 19, 2018, and on January 3, 2019, Administrative Law Judge (ALJ) Brandie Hall presided over the hearing in Middlesboro, Kentucky.  [Tr. 35–57, 218–19.]  On July 1, 2019, the ALJ rendered a decision concluding that Ms. Rogers was not disabled. [Tr. 15–28.]  On May 5, 2020, the Appeals Council denied Ms. Rogers's request for review, making the July 1, 2019, ALJ decision final.  [Tr. 1–6.]; 20 C.F.R. § 422.210(a).

To evaluate a claim of disability for Title II disability insurance benefit claims, an ALJ conducts a five-step analysis.  20 C.F.R. § 404.1520.  First, if a claimant is performing a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, she does not have a severe impairment and is not "disabled" as defined by the regulations.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is "disabled." C.F.R. § 404.1530(d).  Before moving on to the fourth step, the ALJ must use all of the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which assesses an individual's ability to perform certain physical and

---

[1] Ms. Rogers initially alleged disability beginning June 3, 2014, but she amended her alleged onset date to July 26, 2017, during her hearing before the ALJ. [Tr. 15, 41.]  This is Ms. Rogers' second application for disability insurance benefits.  Her prior application resulted in a denial of benefits by a different ALJ on May 4, 2016. [Tr. 16.]  Here, ALJ Brandie Hall applied the principles set forth in *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), and *Dennard v. Sec. of Health and Hum. Servs.*, 907 F.2d 598 (6th Cir. 1990), which instruct that "absent evidence of improvement or deterioration in a claimant's condition, or a change in the law, a subsequent Administrative Law Judge is bound by the findings of a previous Administrative Law Judge." [Tr. 16.]  ALJ Hall found that Ms. Rogers's condition had changed, based on "new and material evidence submitted," and therefore she considered the new evidence, the prior ALJ's decision, and Ms. Rogers's changed circumstances in rendering her decision. [Tr. 16.]

mental work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.

Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of her past relevant work, and if a claimant's impairments do not prevent her from doing past relevant work, she is not "disabled." 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her RFC, age, education, and past work experience) prevent her from doing other work that exists in the national economy, then she is "disabled." 20 C.F.R. § 404.1520(f).

Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the burden shifts to the Commissioner to identify a significant number of jobs that accommodate the claimant's profile, but the claimant retains the ultimate burden of proving her lack of residual functional capacity. *Id.*; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

At step one, the ALJ found Ms. Rogers had not engaged in substantial gainful activity since the alleged onset date, July 26, 2017. [Tr. 18.] At step two, the ALJ found Ms. Rogers to suffer from the following severe impairments: "degenerative disc disease of the cervical spine with cervical radiculopathy, degenerative disc disease of the lumbar spine with mild central canal stenosis, osteoarthritis of the right shoulder, obesity, major depressive disorder, and borderline intellectual functioning." [Tr. 18.] At step three, the ALJ determined that Ms. Rogers's combination of impairments did not meet or medically equal one of the listed impairments in C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 18.] Before moving on to step four, the ALJ

considered the record and determined the following about Ms. Rogers's residual functioning

capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps and stairs, can never climb ladders, ropes, or scaffolds, can occasionally stoop, and can never kneel, crouch, or crawl. The claimant is limited to frequent reaching with the right upper extremity[.] The claimant should never push, pull, or operate foot controls with the left lower extremity. The claimant should avoid vibration and workplace hazards, including moving machinery and unprotected heights. The claimant is limited to simple, repetitive, routine work, occasional simple work-related decision making, occasional workplace changes that are gradually introduced, occasional interaction with the public and frequent interaction with coworkers and supervisors, and no fast-paced production work.

[Tr. 21.]  After explaining the RFC, the ALJ found at step four that Ms. Rogers is not capable of

performing any past relevant work.  [Tr. 27.]  At step five, the ALJ found that "[c]onsidering the

claimant's age, education, work experience, and residual functional capacity, there are jobs that

exist in significant numbers in the national economy that the claimant can perform."  [Tr. 27.]

Accordingly, the ALJ determined at step five that Ms. Rogers was not disabled since July 26,

2017.  [Tr. 28.]  Ms. Rogers filed this action for review on June 16, 2020.  [R. 2.]

**B**

The Court's review is generally limited to whether there is substantial evidence in the

record to support the ALJ's decision.  42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611,

614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319–20 (6th Cir. 1987).  "Substantial

evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v.*

*Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*,

402 U.S. 389, 401 (1971)).  The substantial evidence standard "presupposes that there is a zone

of choice within which [administrative] decision makers can go either way, without interference

4

by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To determine whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Hum. Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Hum. Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## II

Ms. Rogers presents two arguments as grounds for relief from the ALJ's unfavorable decision. Specifically, she argues (1) "the ALJ failed to properly evaluate Ms. Rogers's subjective complaints of pain," and (2) "the ALJ's determination that [Ms. Rogers] is not disabled is not supported by substantial evidence." [R. 15-1 at 2.] The Court will address each argument in turn.

## A

Ms. Rogers first argues that the ALJ failed to properly evaluate her subjective complaints of pain. [R. 15-1 at 2, 8–11.] Ms. Rogers additionally argues that the ALJ failed to properly

evaluate the evidence of Ms. Rogers's physical problems, and mental condition.[2]  [R. 15-1 at 10–11.]

Although Ms. Rogers is correct that the evaluation of subjective complaints by the claimant should be considered, "the ALJ need not take the claimant's assertions of pain or ailments at face value." *Carpenter v. Astrue*, 634 F. Supp. 2d 802, 812 (E.D. Ky. 2009); *see also Schults v. Colvin*, 1 F. Supp. 3d 712, 720 (E.D. Ky. 2014) ("Although relevant to the RFC assessment, a claimant's description of his or her symptoms is not enough, on its own, to establish the existence of physical and/or mental impairments or disability) (citing Soc. Sec. Rul. 96–7p); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) ("A subjective assessment of pain symptoms is relevant to determining whether a claimant suffers from a disability, but it is not conclusive evidence establishing a disability.").  In fact, "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones*, 336 F.3d at 476.  Furthermore, "the ALJ's credibility finding should not be discarded lightly." *Carpenter*, 634 F. Supp. 2d at 813 (quoting *Houston v. Sec. of Health and Hum. Servs.*, 736 F.2d 365, 367 (6th Cir. 1984)).

Here, the record reflects that the ALJ considered Ms. Rogers's subjective complaints and properly evaluated her testimony in light of the record. The ALJ noted that Ms. Rogers testified she has:

- difficulty shopping in stores because it is hard for her to walk;
- back pain when she stands for too long;
- increased neck pain and stiffness;
- depression for which she has been treated over the past several years;
- difficulty staying on tasks due to pain; and

---

[2] Ms. Rogers also argues that the ALJ "failed to properly evaluate the evidence which has been presented including his psychological problems which resulted in him being admitted to the psychiatric ward as well as his weekly and ongoing medical treatment for these problems." [R. 15-1 at 10.]  The use of the male pronoun and lack of evidence in the record of any psychiatric admissions on the part of Ms. Rogers indicate that this argument may have accidently been included in the brief, and the Court need not consider it further.

- difficulty socializing because she gets nervous around people.

[Tr. 21–22.]  Although the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms…the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."  [Tr. 22.]

The ALJ compared Ms. Rogers's testimony with other parts of the record.  Ms. Rogers stated on July 25, 2017, that her neck and lower back pain were relieved by taking pain medication.  [Tr. 22 (citing Tr. 1091).]  The ALJ also noted that Ms. Rogers sought to establish care with Dr. Gregory Dye in June 2016 and her "examination findings at that time were generally unremarkable."  [Tr. 22 (citing Tr. 738).]  The ALJ stated that in July 2016, Ms. Rogers underwent a functional ability and limitations evaluation with Workwell Systems, Inc. [Tr. 22.]  The ALJ noted that despite Ms. Rogers' willingness to participate in the evaluation, "most of the examination items were self-limited by the claimant prior to objective signs of maximal effort."[3]  [Tr. 22 (citing Tr. 689).]  The ALJ provided that although the examiner indicated that her pain "was likely a limiting factor…the claimant was also unwilling to explore the option of surgical intervention for her pain."  [Tr. 22 (citing Tr. 690).]

The ALJ further found that in October 2017, Ms. Rogers had a normal gait and MRIs of her shoulder and lumbar demonstrated "no evidence of fractures, dislocations, or other pathological bone or joint changes."  [Tr. 23 (citing Tr. 1162–63, 1171).]  In February 2018, Ms. Rogers presented with neck and low back pain as well as mild pain with cervical and lumbar motion.  However, her gait was normal.  [Tr. 23 (citing Tr. 1144).]  In April 2018, Ms. Rogers

---

[3] Although Ms. Rogers's therapist at Workwell Systems, Inc., Kristi L. Saylor, opined that Ms. Rogers was only capable of performing sedentary exertional work, the ALJ found this opinion to be unpersuasive based on Ms. Rogers's "self-limited behavior."  [Tr. 25.]  The ALJ found that the medical evidence supported limiting Ms. Rogers "to light work, but not to sedentary."  [Tr. 25.]

was prescribed a rollator walker, although "[t]here is no indication in the record that the claimant's need for a walker was confirmed by any specialist" and "at the examination where the prescription for the walker was provided, the claimant's examination findings were minimal and routine." [Tr. 23 (citing Tr. 1189–92).] In May 2018, Ms. Rogers's "back pain was noted to be stable," though she still had "moderate pain with motion in the lumbar and cervical spine." [Tr. 23 (citing Tr. 1259).] In August 2018, Ms. Rogers "was noted to no longer have cervical pain" and in September 2018 her "back pain was again noted to be moderate and stable." Ms. Rogers also reported that the back pain "was relieved by medication." [Tr. 23 (citing Tr. 1281, 1285, 1351).]

Regarding Ms. Rogers's depression, the ALJ did find that during the relevant period, Ms. Rogers "had occasional mention of depressed mood, flat or anxious affect, and soft or unreproductive speech." [Tr. 25.] However, the ALJ also noted that Ms. Rogers generally had

> appropriate appearance and good grooming and hygiene…was alert, attentive, and oriented to person, place, time, and situation…was friendly and cooperative…had average to good eye contact, appropriate mood and affect, normal psychomotor activity, normal speech, normal cognition, normal thought content, normal perception, normal memory, no delusions or hallucinations, and normal insight and judgment.

[Tr. 25 (citing Tr. 1144, 1171, 1179, 1191, 1205, 1223–24, 1261, 1266, 1283, 1287, 1296, 1301, 1305, 1312–13, 1321–22, 1357).][4]

All of the above evidence in the record, which the ALJ reviewed in making her decision, discounted the severity of the symptoms Ms. Rogers testified that she experienced. Although future assessments indicated that Ms. Rogers's cervical pain persisted, in contradiction to the

---

[4] The ALJ also evaluated the medical records and opinions of the State agency medical and psychological consultants. [Tr. 26.] The ALJ determined that Ms. Rogers had more physical limitations within the range of light work then were identified by the State agency medical consultant, and she found that the State psychological consultants' findings were consistent with the record. [Tr. 26.] However, neither party contests the ALJ's findings as to the State medical and psychological consultants.

ALJ's finding that the cervical pain disappeared in August 2018, the severity of the problem was only listed as moderate.  [*See, e.g.*, Tr. 1351.]

Ms. Rogers also argues that the ALJ failed to properly assess the medical evidence presented, including an MRI report from Pikeville Medical Center and exams by Michelle Amburgey, M.A. and Dr. Robert Spangler, Ed.D.  [R. 15-1 at 10–11.]  However, a review of the ALJ's opinion demonstrates that Ms. Rogers's argument is without merit.  The ALJ noted that Ms. Rogers underwent an MRI of her right shoulder in May 2014 at the Pikeville Medical Center that revealed "an intact rotator cuff, a grossly normal arthrogram appearance of the glenoid labrum," and "osteoarthrosis involving the glenohumeral articulation."  [Tr. 22 (citing Tr. 743).]  The ALJ also included in her decision that Ms. Rogers underwent an MRI in December 2015 of her lumbar and cervical spines.  The cervical MRI "demonstrated multilevel degenerative disk disease…most pronounced at the C5-C6 level where there is a moderate disk bulge with spinal canal and neural foraminal stenosis."  [Tr. 22 (citing Tr. 764–65).]  The lumbar MRI revealed "multilevel facet arthropathy within the mid and lower lumbar spine, as well as mild multilevel degenerative disk disease, with no significant bulge or herniation."  [Tr. 22 (citing Tr. 764–65).]  After reviewing the record, it is clear that the ALJ appropriately assessed Ms. Rogers's MRI report from Pikeville Medical Center in making her decision.

The ALJ also properly assessed the medical records of Ms. Amburgey and Robert Spangler.  Ms. Amburgey conducted a psychological assessment of Ms. Rogers on September 26, 2017.  [Tr. 1130.]  Ms. Amburgey diagnosed Ms. Rogers with estimated borderline intellectual functioning and major depressive disorder.  [Tr. 1133.]  Ms. Amburgey also found that Ms. Rogers's full scale IQ score was 58, which is categorized as an extremely low level of functioning.  [Tr. 1132.]  However, Ms. Amburgey stated that the IQ scores may "underestimate

[] her true potential" and that "[h]er academic scores are also much higher than her IQ would suggest." [Tr. 1133.] The ALJ thoroughly evaluated Ms. Amburgey's report and determined that Ms. Amburgey's opinions were not consistent with Ms. Rogers's medical record as a whole. [Tr. 24–25.] The ALJ was particularly concerned about the fact that certain findings Ms. Amburgey made were based on Ms. Rogers's physical limitations "which is outside the scope of Ms. Amburgey's practice." [Tr. 25.] Even though the ALJ found Ms. Amburgey's opinion to be unpersuasive, she still took her "opinion into consideration in precluding the claimant from fast-paced production work." [Tr. 25.]

As for Dr. Spangler, who was retained by Ms. Rogers's attorney, he evaluated Ms. Rogers on May 11, 2018. [Tr. 1244.] Dr. Spangler found Ms. Rogers to have major depressive disorder, significant cognitive loss (he determined that her IQ had dropped more than fifteen points), moderate unspecified anxiety disorder, mild intellectual disability, marginal reading and math skills, and moderate long-term memory impairment. [Tr. 1252.] The ALJ reviewed Dr. Spangler's report and opinions and found them to be "extreme" and "out of sync" with the other medical evidence. [Tr. 26.] The ALJ found Dr. Spangler's opinions did not line up with Ms. Rogers's "ongoing mental counseling and medications," and that Dr. Spangler used "a statistical average of what an IQ for a certified nurse assistant would be without reference to a source…to conclude [Ms. Rogers's] IQ has in fact, not in theory, dropped 15 points." [Tr. 26.] The ALJ opined that if Dr. Spangler's opinions were accurate, then Ms. Spangler "would need to be institutionalized." [Tr. 26.] Accordingly, the ALJ found that Dr. Spangler's opinion was not persuasive. [Tr. 26.]

An ALJ's findings "based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's

10

demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

After review, the Court finds that the ALJ thoroughly and reasonably assessed the medical

records and Ms. Rogers's subjective statements regarding "the intensity, persistence and limiting

effects of [her] symptoms" and will accord the ALJ's findings deference.  [Tr. 22.]

**B**

Ms. Rogers also briefly argues, without citing to the record or the ALJ's decision, that the

finding that Ms. Rogers is not disabled is not supported by substantial evidence.  [R. 15-1 at 2,

11–12.]  The crux of Ms. Rogers's argument boils down to the following sentence: "[w]hen the

record in this case is considered in its entirety, the combined effects of Plaintiff's physical and

mental impairments, reflect [s]he could not perform a wide range of even sedentary work on a

regular and sustained basis." *Id.* at 12.  However, for the reasons stated above, the opposite is

true.  A review of the record demonstrates that the ALJ thoroughly reviewed the record and

appropriately attributed greater or lesser weight to the testimony and opinions of Ms. Rogers and

the experts based on the record as a whole.  The Court finds that the ALJ carefully reviewed the

record, and her decision is supported by substantial evidence.  *Cutlip*, 25 F.3d at 286.[5]

**III**

Accordingly, pursuant to sentence four of 42 U.S.C. section 405(g) and the Court being

otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1.  Kimberly Ann Rogers's Motion for Summary Judgment **[R. 15]** is **DENIED**;

2.  The Commissioner's Motion for Summary Judgment **[R. 17]** is **GRANTED**; and

---

[5] Counsel for Ms. Rogers requests that the Court "[a]ward Plaintiff costs and attorney's fees pursuant to the Equal
Access to Justice Act."  [R. 15-1.]  However, 28 U.S.C. § 2412(d) only applies to "prevailing part[ies] other than the
United States," and Ms. Rogers is not a prevailing party. *See Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129 (6th
Cir. 2007) (noting that a party seeking fees under 28 U.S.C. § 2412(d) must "be a prevailing party"). Accordingly,
her request for costs and attorney's fees will be denied.

3.   Judgment shall be entered promptly.

This the 7th day of March, 2022.

Gregory F. Van Tatenhove
United States District Judge